IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 3:12CR175–HEH |
| | ) |
| ODASSIS MICHAEL THOMAS, | ) |
| | ) |
| Petitioner. | ) |

**MEMORANDUM OPINION**
**(Denying 28 U.S.C. § 2255 Motion)**

Odassis Michael Thomas, a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 100) arguing that his firearm conviction and sentence are invalid under *United States v. Davis*, 139 S. Ct. 2319 (2019). The Government has responded. For the reasons that follow, the § 2255 Motion (ECF No. 100) will be denied as lacking in merit. The Government's Motion to Respond Out of Time (ECF No. 111) will be granted.

**I. Procedural History**

On November 7, 2012, Thomas was charged in a two-count indictment with: the bank robbery of the Village Bank in Midlothian, Virginia (Count One); and using, carrying, and brandishing a firearm during and in relation to a crime of violence, to wit, the bank robbery charged in Count One (Count Two). (ECF No. 15, at 1–2.) On January 17, 2013, Thomas agreed to plead guilty to Counts One and Two. (ECF No. 20, at 1.)

On April 26, 2013, the Court entered judgment on the above convictions and sentenced Thomas to 192 months on Count One and 84 months on Count Two, to be served consecutively. (ECF No. 50, at 2.)

## II. Analysis

In his § 2255 Motion, Thomas contends that he is entitled to relief on the following ground: "The Supreme Court's decision in *United States v. Davis*, [139 S. Ct. 2319 (2019)] establishes that Mr. Thomas's guilty plea to the offense charged in Count Two was involuntary and unintelligent." (ECF No. 101, at 12 (emphasis omitted) (capitalization corrected).) As noted above, in Count Two, Thomas was convicted of using, carrying, and brandishing a firearm during the commission of a crime of violence, to wit, bank robbery, in violation of 18 U.S.C. § 924(c). As explained below, the decision in *United States v. Davis*, has no impact on the validity of Thomas's guilty plea or conviction on Count Two.

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii).

Until recently, the United States could demonstrate that an underlying offense constitutes a crime of violence if it establishes that the offense is a felony and satisfies one

2

of two requirements. Namely, the statute defines a crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

*Id.* § 924(c)(3). The Supreme Court recently invalidated the Residual Clause, or § 924(c)(3)(B), in *United States v. Davis*, 139 S. Ct. 2319, 2339 (2019). However, Thomas's 924(c) predicate offense, bank robbery in violation of 18 U.S.C. § 2113(a), qualifies as a crime of violence under the Force Clause. *See United States v. McNeal*, 818 F.3d 141, 152 (4th Cir. 2016).

Lastly, the Court notes that the Fourth Circuit's recent decision in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) does not alter the conclusion that Thomas's § 924(c) conviction is predicated on a valid crime of violence under the Force Clause of § 924(c)(3)(A). In *Simms*, the defendant pled guilty to conspiracy to commit Hobbs Act robbery and to brandishing a firearm during and in relation to a "crime of violence," but later challenged his brandishing conviction on the theory that Hobbs Act conspiracy could not be considered a "crime of violence" under 18 U.S.C. § 924(c)(3). *Id.* at 232–33.

> Initially, the parties and the Fourth Circuit agreed that,
>
> conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the [Force Clause], as the United States now concedes. This is so because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force.

3

*Id.* at 233–34 (citations to the parties' material omitted). Thereafter, the Fourth Circuit concluded that the Residual Clause of § 924(c) is void for vagueness. *Id.* at 236.

As explained above, bank robbery is a valid crime of violence under the Force Clause. *McNeal*, 818 F.3d at 152. Thus, *Davis* and *Simms* do not alter the conclusion that Thomas's § 924(c) conviction rests upon a valid predicate crime of violence under the Force Clause nor do those decisions render his guilty plea involuntarily or otherwise subject to collateral attack.[1]

### III. Conclusion

Thomas's § 2255 Motion (ECF No. 100) will be denied. Thomas' claim and the action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

                                                          /s/
                                  HENRY E. HUDSON

Date: Oct. 30, 2020
                                  SENIOR UNITED STATES DISTRICT JUDGE
Richmond, Virginia

---

[1] Thomas seems to argue that he would not have pled guilty if he had known that conspiracy to commit bank robbery could not support a 924(c) conviction. Thomas's 924(c) conviction was not predicated on a charge of conspiracy to commit bank robbery, but the substantive offense of bank robbery.