IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,            )
                                     )
v.                                   ) Criminal Action No. 3:12CR175–HEH
                                     )
ODASSIS MICHAEL THOMAS,              )
                                     )
    Petitioner.                      )

## MEMORANDUM OPINION
(Denying Motion to Compel)

Odassis Michael Thomas, a federal inmate proceeding *pro se*, filed a "Motion to Compel Performance of Plea Agreement," ("Motion to Compel," ECF No. 120). The Government filed a response on December 9, 2021. (ECF No. 130.) For the reasons set forth below, the Motion to Compel will be denied.[1]

### I. Procedural History

On November 7, 2012, Defendant was charged in a two-count indictment with: the bank robbery of the Village Bank in Midlothian, Virginia (Count One); and using, carrying, and brandishing a firearm during and in relation to a crime of violence, to wit, the bank robbery charged in Count One (Count Two). (ECF No. 15 at 1–2.) On January 17, 2013, Defendant agreed to plead guilty to Counts One and Two. (ECF No. 20 at 1.) In the Statement of Facts that accompanied the Plea Agreement, Thomas agreed to the facts that supported his convictions on Counts One and Two. (ECF No. 21 at 1.) Additionally, Defendant acknowledged that, had the matter proceeded to trial, the

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

Government could have proved beyond a reasonable doubt that Defendant and his coconspirators had robbed a Wells Fargo Bank in Richmond on August 25, 2012. (*Id.*) Defendant further acknowledged that he knew his coconspirators would use and carry a firearm in relation to the Wells Fargo bank robbery. (*Id.*) As part of the Plea Agreement, the Government agreed not to "further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the indictment or statement of facts . . . ." (ECF No. 20 at 6.) Thus, by admitting to involvement in the Wells Fargo bank robbery, Defendant was given immunity from prosecution for that bank robbery and the related firearm offense. However, at sentencing, the Wells Fargo bank robbery increased Defendant's Offense Level from 27 to 33. (ECF No. 116 at 43.)

## II. Analysis

In his Motion to Compel, Defendant contends the Government breached the Plea Agreement by allowing his sentence to be predicated, in part, on the Wells Fargo bank robbery and related firearm offense. (ECF No. 120 at 2–3.) Nothing in the Plea Agreement precluded the use of the Wells Fargo bank robbery in calculating Defendant's sentence. Accordingly, Defendant's Motion to Compel (ECF No. 120) will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: February 9, 2022
Richmond, Virginia